## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Criminal Case No. 19-174 (JRT/LIB)

Plaintiff,

v.                                                          **MEMORANDUM OPINION AND ORDER**
                                                              **DENYING RESTITUTION**
EDWARD LEE BELLANGER

Defendant.

Deidre Y. Aanstad and Gina Allery, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Joseph F. Leoni, **TRENTI LAW FIRM**, 225 North First Street, Suite 1000, Virginia, MN 55792, for defendant.

On January 27, 2020, Edward Lee Bellanger pleaded guilty to assault resulting in substantial bodily injury to a spouse or intimate partner.  (Plea Agreement at 1, Jan. 27, 2020, Docket No. 65.)  Per the plea agreement, Bellanger agreed to pay restitution to W.M., a person other than the victim of the offense.  (*Id.* at 8).  In early 2019, Bellanger struck W.M. and broke his jaw, for which W.M. now requests $3,300 in restitution due to a lost job opportunity flowing from the injury.  (Mem. Supp., Ex. B ("Loss Statement") at 2–3, Sept. 16, 2020, Docket No. 92-2.)

The Mandatory Victim Restitution Act requires the Court to order such restitution.  *See* 18 U.S.C. § 3663A(a)(3) (restitution to persons other than the victim of the offense

when agreed to in a plea agreement); *see also* § 3663A(b)(2)(C) (restitution for lost income following bodily injury).  However, when the parties dispute the proper amount of restitution, the Court must resolve the matter by the preponderance of the evidence.  *See* 18 U.S.C. § 3664(e).  The United States carries the burden of demonstrating the amount of the loss.  *See* § 3664(e).  To meet this burden, evidence must demonstrate a provable actual loss, *see United States v. Chalupnik*, 514 F.3d 748, 754 (8th Cir. 2008), and not merely be based upon speculation, *see United States v. Young*, 272 F.3d 1052, 1056 (8th Cir. 2001).

On August 21, 2010, the United States moved the Court to hold a hearing to determine the amount of restitution.  (Mot. Req. Restitution Hr'g, Aug. 31, 2020, Docket No. 89.)  At the hearing, the United States argued that W.M. lost out on a job opportunity with Red Lake Housing Finance Corporation ("Red Lake") in early 2019.  As evidence, the United States introduced a letter from Red Lake stating that it had provided W.M. with a 1099 tax form, presumably for 2019.  (Mem. Supp., Ex. A, Sept. 16, 2020, Docket No. 92-1.)  W.M. claimed that the 1099 listed earned income in the amount of $3,300.  (Loss Statement at 2–3.)  Additionally, the United States provided a contract bid and accompanying invoice for another job that W.M. performed for Red Lake in May 2019, for which he was paid $2,075.  (Suppl. Mem. Supp., Ex. C at 2, Sept. 23, 2020, Docket No. 93-1.)

Based on the above evidence, the United States claimed that W.M. had lost out on $3,300 in income due to a missed job opportunity with Red Lake as a result of his injuries. This amount was derived from the amount listed on the 1099 form. Yet, a separate 1099 is not given for each job; rather, a single 1099 reports the total income paid out to an individual over an entire tax year. As such, the 1099 form simply demonstrates that W.M. performed at least two jobs for Red Lake in 2019, given that the $2,075 earned in May is less than $3,300, but the 1099 does not, by itself, provide evidence of either a lost job opportunity or how much W.M. would have been earned had he performed it.

With respect to the May work invoice, it does demonstrate what W.M was paid for a particular job in 2019. However, the accompanying contract bid cuts against the claim that W.M. missed out on another job opportunity, for the United States did not offer similar evidence to establish that W.M. had bid on, or won, another Red Lake job at or around the time of his injuries. Instead, the Court is left merely to speculate that W.M. lost out on a job opportunity while he recovered from his injuries. As such, the Court finds that the United States did not meet its burden to prove an actual loss by the preponderance of the evidence. Accordingly, the Court will deny W.M.'s request for restitution.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the W.M.'s Request for Restitution is **DENIED**.  The Court will issue an amended sentencing judgment accordingly.

DATED:  October 13, 2020
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
Chief Judge
United States District Court